UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER FRANKE,
individually and on behalf of others
similarly situated,

|  |  |  |
|---|---|---|
| | Plaintiff, | Civil Action No. 12-11035 |
| | | Honorable Victoria A. Roberts |
| v. | | Magistrate Judge David R. Grand |

ADVANTAGEDIRECT365, CORP., *et al.*,

Defendants.

_____/

### <u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [58]</u>

Plaintiff Christopher Franke's Motion to Compel (Doc. #58) has been referred to this court for a hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A).  (Doc. #60).  Defendant AdvantageDirect365 Corp. ("Advantage") filed a response (Doc. #62), and the court held oral argument on May 8, 2013.

Advantage claims it is a "printing house that prepares and sends mailers for its customers."  (Doc. #62 at 2).  Advantage apparently receives spreadsheets from its customers which identify the particular individuals – up to tens of thousands, if not more – to whom Advantage is to send the mailings.  The spreadsheets allegedly contain certain credit information about those individuals, which, according to Franke, renders them "consumer reports" under the Fair Credit Reporting Act, 15 U.S.C. §1681a(d)(1).

One such spreadsheet Advantage received from one of its customers listed Franke and about 56,000 other individuals (the "Spreadsheet").  After receiving the Spreadsheet, Advantage sent the requested mailer to Franke and the other individuals.  Franke alleges that Advantage's mailing violated his rights under the FCRA because it constituted an improper use of a

"consumer report."  As noted, Advantage apparently sent that same mailing to approximately 56,000 other individuals who may or may not ultimately become part of a proposed class in this action.

Franke has a copy of the Spreadsheet.  At issue in the instant motion is his request that Advantage produce "Any other spreadsheet received by [Advantage] that includes FICO scores" and "Any other spreadsheet received by [Advantage] that includes debt loads."  (Doc. #58-2 at 1-2).  In short, Franke wants Advantage to produce each of the allegedly "hundreds of spreadsheets with consumer reports [i.e., those containing "Fico scores" and/or "debt loads"] of millions of individuals."  (Doc. #58 at 3-4).  Franke's motion also seeks permission "to use this information to contact [those millions of] individuals who have been harmed and could be witnesses in the case."  (*Id.* at 2).

As explained on the record, Franke has not shown the requested spreadsheets, or information contained therein, are relevant to the claims and defenses in this action, at least as it currently stands.  At this point, Franke is the only plaintiff; no class certification motion has been filed.  Moreover, the potential class described in the complaint is comprised exclusively of the individuals who received the particular mailing in question, i.e, those listed on the Spreadsheet.  (Doc. #24 at ¶¶ 33, 38).  Franke already has a copy of that Spreadsheet, and the court agrees with Advantage that other spreadsheets, which contain different information about a million or more individuals who may have received some other mailing, are not relevant to the claims of the class referenced in Franke's complaint.  Franke was unable to direct the court to any case law which has held to the contrary.

Accordingly, for the reasons stated above and on the record,

**IT IS HEREBY ORDERED** that Franke's Motion to Compel (Doc. #58) is **DENIED**.

Should Franke believe he requires the court's permission to contact individuals identified on the

Spreadsheet, he shall submit a separate motion and proposed order to the court.

Dated: May 16, 2013                          s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                             United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2013.

                                             s/T. Bankston for Felicia M. Moses
                                             FELICIA M. MOSES
                                             Case Manager