UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER FRANKE,
*Individually and on behalf of*
*others similarly situated,*

    Plaintiff,

 -vs-                                      Case No. 12-11035
                                              Hon. Victoria A. Roberts
                                              Magistrate Judge: David R. Grand

DAVIS LAW GROUP PC, *et al*.,

    Defendants.
_____/

## FINAL JUDGMENT
## APPROVING CLASS SETTLEMENT

      On August 9, 2012, Christopher Franke ("Named Plaintiff") filed his Second Amended Complaint alleging on behalf of a proposed class, that Defendant Advantage Direct365 Corp. ("Advantage Direct365") willfully violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681et seq., ("FCRA").  The complaint specifically alleges that Advantage Direct365 violated 15 U.S.C. § 1681b(f) by knowingly and willingly using the consumer reports of thousands of individuals, including Mr. Franke and the proposed class members.

      As to Advantage Direct365, the Second Amended Complaint set forth claims on behalf of a proposed class.  These claims allege that Advantage Direct365 used lists of consumers to prepare and mail marketing materials for debt relief products, and those lists included FICO scores, Beacon scores, and Debt loads which constituted consumer reports relating to the individuals on those lists for purposes of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681a.

For its part, Advantage Direct365 has denied the allegations and raised affirmative defenses to the action.

The parties enter into a Settlement Agreement ("Settlement Agreement") after the Parties exchanged discovery, conducted depositions, and attended a Court-ordered settlement conference. As part of the discovery process, the Named Plaintiff has learned that Advantage Direct365 has printed and mail numerous marketing materials using similar lists, thus warranting the conclusion that there would be a basis for certification of a nationwide class of individuals whose financial information was used, irrespective of the nature of the marketing material which Advantage Direct365 ultimately printed and mail.

At that settlement conference, the parties engaged in arm's length settlement negotiations before United States District Court Magistrate Judge David Grand.

During the course of the mediation process and the negotiations to resolve this matter, the Parties determined that absent some change in Advantage Direct365's practices, members of the proposed class would likely be the subjects of similar marketing efforts by Advantage Direct365 in the future. As such, class members would benefit from changes to Advantage Direct365's practices in order to insure that no further violations of the FCRA occur as a result of any possible future misuse of the class members' consumer reports by Advantage Direct365. The parties agreed there to settle the class claims as a Rule 23(b)(2) settlement class, with no release or preclusion of claims by the proposed class members.

The parties submitted their proposed Settlement Agreement to the Court for preliminary approval. In turn, the Court granted preliminary approval and certified this matter as a conditional settlement class. The Court directed Defendant to send notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, to each of the Attorneys General of the

50 states and the District of Colombia. Defendant served written notice of the proposed Class Settlement on those Attorneys General.

On August 6, 2013, upon consideration of the Settlement Agreement and the Preliminary Approval Motion, and having held a hearing to consider the Motion, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order")(Docket 76). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) for a class of persons defined below ("Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed Agreement; (iii) approved Plaintiff Christopher Frank as the Class Representative; (iv) appointed as Class Counsel Ian Lyngklip and Julie Petrik of Lyngklip & Associates Consumer Law Center, PLC; and (v) set the date and time of the Final Approval Hearing.

On August 29, 2013, the Plaintiff filed the Settlement Agreement which provides for the entry of the Consent Order and payment to Mr. Franke (Docket No. 77).

On September 18, 2013, the Court held a hearing pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuit satisfies the applicable requirements for class action treatment and whether the proposed Settlement is fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the Settlement Classes under Fed. R. Civ. P. 23(b)(2) and final approval of the Settlement under Fed. R. Civ. P. 23(e).

The Court has read and considered the Agreement, Plaintiff's Preliminary Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein or in the Agreement.

**The Court Orders as follows**:

1. The Final Order and Judgment incorporates by reference all definitions contained in the Settlement Agreement, and all terms used herein have the same meaning as set forth in the Settlement Agreement.  This Order incorporates that Settlement Agreement by reference.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties for purposes of this litigation.

3. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(2), the Court certifies this Lawsuit, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

   > **Rule 23(b)(2) Settlement Class** –
   > All persons residing in the United States of America (including its territories and Puerto Rico) about whom Advantage Direct365 received lists of consumers containing private financial information including but not limited to FICO scores, Beacon Scores, Debt Loads, Debt Utilization Rates, and Lien information. Excluded from the settlement class are counsel of record (and their respective law firms) for any of the parties and the presiding judge in the action and her staff, and all members of their immediate family.  This class is limited to persons whose names appeared on lists which were used by Advantage Direct365 within 24 months of the date of filing of the complaint in this case.

4. There are over a million Class Members in this settlement class.

5. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – The Court appoints Christopher Franke as the Class Representative and appoints Ian Lyngklip and Julie Petrik of Lyngklip & Associates Consumer Law Center, PLC as Class Counsel to represent the class members.

6. **NOTICES** – Pursuant to the Court's Preliminary Approval Order and Fed.R.Civ.P. 23(b)(2), the Court orders that no notice need be given to class members.   See Fed. R.

Civ. P. 23(c)(2)(A) and Fed. R. Civ. P. 23 Advisory Committee's Notes to 2003 amendments concerning practicability of notice in class actions that seek no damages.

7. **FINAL CLASS CERTIFICATION** – The Court finds that the Settlement Classes satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely the Court finds that, for each Settlement Class:

   a. The Settlement Class Members are so numerous that joinder of all of them is impracticable;

   b. There are questions of law and fact common to the Settlement Class Members that predominate over any individual questions;

   c. The claims of the Class Representative are typical of the claims of the Settlement Class Members;

   d. The Class Representative and Class Counsel have fairly and adequately protected the interests of all of the Settlement Class Members; and

   e. Defendant has acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole. The Court finds that the proposed Consent Order meets the requirements of Rule 23(b)(2) and provides appropriate prospective injunctive relief for the class members.

8. Having considered the relevant papers, including the Plaintiff's Final Approval Motion, and any objections filed by the Attorneys General who received notices of this Class Settlement under CAFA, finds that the Settlement of the Lawsuit, on the terms in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further

litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for Class Members if litigation continued.

9. **SETTLEMENT TERMS** – The Court grants final approval to Settlement Agreement and orders that the parties complete that Settlement by submitting the Consent Order for entry by the Court. The Court directs Defendant Advantage Direct365 to pay Mr. Franke $1,000 for his individual claim and $1,000 for his service to the class. The Court directs Defendant Advantage Direct365 to pay Class Counsel $ 2,500.

10. **OBJECTIONS AND EXCLUSIONS** – Under the provisions of Fed.R.Civ.P. 23(b)(2), participation in this class is mandatory. No Class Members are excluded. Class Counsel shall maintain a copy of the final class list. This Final Order and Judgment is binding on all Class Members.

11. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – Pursuant to the Settlement Agreement, no claims are released by class members and no claims are precluded other than those presented by Mr. Franke in his individual capacity. The Court dismisses Mr. Franke's claims, with prejudice, with no costs, sanctions or fees to either party, except those set forth in this Order. The Court dismisses the claims of the class members without prejudice.

12. This Final Order and Judgment is not, and shall not be construed as, an admission by Advantage Direct365 of any liability or wrongdoing in this or in any other proceeding.

13. The Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this

Final Order and Judgment.

14. In the event that the Settlement becomes ineffective for any reason, this Final Order and Judgment is null and void to the extent provided by and in accordance with the Settlement Agreement, and the Court will vacate this order in accordance with the Agreement.

IT IS ORDERED.

                                         S/Victoria A. Roberts
                                         HON. VICTORIA ROBERTS
                                         United States District Court Judge

Entered on January 14, 2014

Stipulated To By:

| | |
|---|---|
| s/ Julie A. Petrik | s/ by Consent   Ryan Perry |
| Julie A. Petrik P47131 | Ryan Perry (P-55545) |
| LYNGKLIP & ASSOCIATES CONSUMER LAW CENTER, PLC | GIARMARCO, MULLINS & HORTON, P.C. |
| Attorney For Christopher Franke | Attorney For Advantage Direct 365 Corp., |
| 24500 Northwestern Highway, Ste. 206 | Tenth Floor Columbia Center 101 West Big Beaver Road |
| Southfield, MI 48075 | Troy, MI  48084 |
| (248) 208-8864 | PHONE: (248) 457-7000 |
| Julie@MichiganConsumerLaw.Com | rperry@gmhlaw.com |

s/ by Consent Anthony Stites
Anthony Stites
BARRETT & MCNAGNY LLP
Attorney For Advantage Direct 365 Corp.,
215 East Berry Street
Fort Wayne, IN  46802
PHONE: (260) 423-9551